UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KATIE MARIE BARR, *Birth Mother*; J.B.4, *son*; and B.B.3, *daughter*,

    Plaintiffs,

v.

MECHELL EGON, *Investigator*; EMILY TAYLOR CHRISTENSON, *case manager*; TRACY SAMISON, *case manager*; PRIA THAKKER, *supervisor*; DAVID PURCELL, *supervisor*; JESSICA SCHWARTZ, *case manager*; SARAH ERNDHT, *casa volenteer* [sic]; JERROD SLADE SCHOOLEY, *Father (incarcerated)*; ASHLEY AMBER SCHOOLEY, *wife of Mr. Schooley*, and ALBANY CHILD WELFARE,

    Defendants.

Case No. 6:24-cv-01425-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Self-represented Plaintiff Katie Marie Barr ("Plaintiff") brings claims apparently arising under the 14th Amendment on behalf of herself and her minor children, J.B. and B.B., against Defendants Mechell Egon, Emily Taylor Christenson, Tracy Samison, Pria Thakker, David

Purcell, Jessica Schwartz, Sarah Erndht, Jerrod Slade Schooley, and Ashley Amber Schooley. Am. Compl. at 1-2, ECF No. 8. Plaintiff's Amended Complaint is DISMISSED with prejudice for the reasons stated below. Plaintiff's Motion for Order (ECF No. 12) and Motion for Order (ECF No. 14) are DENIED as MOOT.

## BACKGROUND

Plaintiff alleges that Defendants violated her children's 14th Amendment rights by depriving them of due process and fundamental liberties, such as the right to live and to be raised by their mother. Am. Compl. at 5. Plaintiff also alleges that Defendants engaged in a conspiracy to kidnap J.B. and B.B. Am. Compl. at 7. Plaintiff further alleges that Defendant Albany Child Welfare abused B.B. and acted with negligence regarding the care of the child. Am. Compl. at 5. Plaintiff "request[s] the Albany Office be ordered to take a training <u>course</u> <u>on</u> <u>Ethics</u>, <u>ACE</u>, <u>Domenstic</u> [sic] <u>Relations</u>" and asks that her children be reunited with her. Am. Compl. at 6 (emphasis in original).

On September 6, 2024, the Court granted Plaintiff's application to appear *In Forma Pauperis* ("IFP") but dismissed the Original Complaint with leave to amend to cure, if possible, the failure to state a claim. ECF No. 6. Plaintiff filed this Amended Complaint on October 7, 2024. Upon review, the Court *sua sponte* sealed exhibit 2 of Plaintiff's Amended Complaint because it contained the full name of the minor children and the full date of birth of Plaintiff, information that is restricted by Fed. R. Civ. P. 5.2(a).[1] ECF No. 9.

On October 21, 2024, the Court recommended dismissing Plaintiff's Amended Complaint with prejudice. ECF No. 10. While that Findings and Recommendation was pending before the

---

[1] Upon further review of the Amended Complaint, the Court finds that the Amended Complaint also improperly contains the full name of the minor children, restricted by Fed. R. Civ. P. 5.2(a). The Court Orders the Amended Complaint (ECF No. 8) sealed.

District Court Judge, Plaintiff subsequently filed two additional motions which appear to be complaints for judicial relief arising out of the same underlying facts. *See* Motion for Order ECF Nos. 12 and 14. The Court stayed the subsequently filed motions pending resolution of the Findings and Recommendation. ECF No. 16.

The Court now vacates the Findings and Recommendation and enters this Opinion and Order.

## DISCUSSION

### I. Mandatory Screening

#### A. Standard

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their]

> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### B. Analysis

Plaintiff's claims should be dismissed for failure to state a claim. Plaintiff's Amended Complaint contains no details regarding what acts were taken by Defendants. As noted above, a complaint need not provide detailed factual allegations, but it must still contain enough for the Court to evaluate the facts upon which Plaintiff's claims for relief are based.

The Court does not doubt the sincerity of Plaintiff's allegation that she is in distress over the apparent termination of her parental rights. Although Plaintiff states the legal causes of action, the Court cannot discern what facts underly the claims and cannot discern what acts each Defendant allegedly took. Without such facts, the Court is unable to draw the reasonable inference that any Defendant allegedly committed unlawful conduct.

Additionally, the central legal issue apparently raised in Plaintiff's Complaint is the custody of her children. Federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife.

*Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). The Court finds that the central legal issue is a domestic relations dispute and recommends denying the exercise of federal jurisdiction.

Finally, Plaintiff attaches to her Amended Complaint what appears to be an appellate ruling affirming the trial court ruling in which Plaintiff's parental rights were terminated. Am. Compl. Ex. 1 ("*In the Matter of B. A. B., a Child*, 334 Or. App. 708 (2024)"). Under the *Rooker-Feldman* doctrine, district courts may not review state court decisions. The *Rooker-Feldman* doctrine derives its name from the Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In both cases, the Supreme Court held that the district courts did not have subject-matter jurisdiction over claims seeking to reverse state judicial determinations because appellate jurisdiction over state actions is left exclusively to the Supreme Court. *Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 482. In accordance with the *Rooker-Feldman* doctrine, this Court lacks the subject-matter jurisdiction to review the state court ruling.

### C. Leave to Amend

Ordinarily self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court,

however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). Furthermore, a "district court's discretion to deny leave to amend is particularly broad where a Plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010).

Despite the Court's prior explanation of the deficiencies of the Original Complaint, Plaintiff's Amended Complaint still fails to state a claim. *See* ECF No. 6. Had Plaintiff cured any of the deficiencies present in their original complaint, the Court may be inclined to grant leave to amend. However, here, Plaintiff's Amended Complaint has not alleged specific facts underlying each claim. In addition, federal district courts typically decline to exercise jurisdiction over family custody issues, and federal district courts are unable to review the rulings of state courts, both of which appear to be the central legal issues. Plaintiff's repeated failure to cure through amendment and the likely futility of further amendment to state a claim outside the Court's jurisdiction both weigh in favor of dismissal with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons explained above, Plaintiff's Amended Complaint (ECF No. 8) is DISMISSED with prejudice. Plaintiff's Motion for Order (ECF No. 12) and Motion for Order (ECF No. 14) are DENIED as MOOT.

DATED this 6th day of December 2024.

                                                s/ Mustafa T. Kasubhai
                                                MUSTAFA T. KASUBHAI (He / Him)
                                                United States District Judge